IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STEPHANIE LEZETTE CLARK                                                    PLAINTIFF

vs.                                  Civil No. 1:17-cv-01004

NANCY A. BERRYHILL                                                         DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Stephanie Lezette Clark ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on April 29, 2014. (Tr. 11, 135-142). Plaintiff alleges being disabled due to bulging disc in her back, arthritis, diabetes, glaucoma, depression, anxiety, asthma, open heart surgery, high blood pressure, and fluid retention. (Tr. 157, 187). Plaintiff alleges an onset date of April 4, 2014. (Tr. 11, 136). This application was denied initially and again upon reconsideration. (Tr. 58, 70, 84-86, 90-91).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her denied application. (Tr. 92-93). The administrative law judge ("ALJ") granted that request and held an administrative video hearing on October 8, 2015. (Tr. 35-57). The ALJ presided over the hearing from Alexandria, Louisiana, and the Plaintiff appeared and testified in El Dorado, Arkansas. *Id*. At the hearing, Plaintiff was represented by David C. Graham. *Id*. Vocational Expert ("VE") Charles E. Smith also appeared and testified at the hearing. *Id.* At this hearing, Plaintiff testified she obtained a high school diploma, completed about two years of college, but did not receive a degree, and was a certified nursing assistant ("CNA"). (Tr. 40-41).

After this hearing, on November 25, 2015, the ALJ entered a decision. (Tr. 11-20). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 13, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since the alleged onset date. (Tr. 13, Finding 2). The ALJ determined since the alleged onset date of disability, April 4, 2014, Plaintiff had the following severe impairments: diabetes mellitus, essential hypertension, spine disorder, and obesity. (Tr. 13, Finding 3). Since the alleged onset date of disability, April 4, 2014, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 14-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that since April

4, 2014, the claimant has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except she is limited to lifting/carrying 10 pounds, occasionally, less than 10 pounds, frequently, sitting 6 hours in an 8-hour day, and standing/walking 2 hours in an 8-hour day. In addition, she is limited to occasional climbing of ramps and stairs, never climbing ladders, ropes or scaffolds, and occasional stooping, kneeling, crouching, and crawling.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found since April 4, 2014, Plaintiff has been unable to perform any PRW. (Tr. 18, Finding 6). Prior to the established disability onset date, the Plaintiff was a younger individual age 45-49. (Tr. 18, Finding 7). Applying the age categories non-mechanically, and considering the additional adversities in this case, on October 8, 2015, the Plaintiff's age category changed to an individual closely approaching advanced age (20 C.F.R. § 404.1563). *Id*.

Prior to October 8, 2015, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the Plaintiff is "not disabled" whether or not the Plaintiff has transferable job skills. (Tr. 18, Finding 9). Beginning on October 8, 2015, the Plaintiff has not been able to transfer job skills to other occupations (*See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2). *Id.*

Prior to October 8, 2015, the date the Plaintiff's age category changed, considering the Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the Plaintiff could have performed (20 C.F.R. §§ 404.1569 and 404.1569a). (Tr. 18-19, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following: (1) cutter and paster (sedentary, unskilled, SVP 2) with 194,977 such jobs

3

in the United States and 1,991 such jobs in Arkansas; and (2) final assembler (sedentary, unskilled, SVP 2) with 59,503 such jobs in the United States and 1,263 such jobs in Arkansas. *Id.*

Plaintiff's date of birth is February 5, 1966. (Tr. 136). At the hearing held on October 8, 2015, Plaintiff was 49 years and 8 months old, which under the Medical-Vocational Guidelines is classified as a younger person. (Tr. 35-57). In a borderline situation, the age categories will not be applied mechanically "if [Plaintiff] is within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision [Plaintiff] is disabled, we will consider whether to use the older age category after evaluating the overall impact of all factors in the case." 20 C.F.R. § 404.1563(b). In his decision, the ALJ ultimately determined Plaintiff's age category was a borderline situation and should not be applied mechanically. (Tr. 18). The ALJ reasoned that the length of time between the established onset date and reaching the next age category is a period of less than four months, and vocational adversities such as Plaintiff's lack of transferable sills, sedentary exertional limitations, and additional postural restrictions made it appropriate to consider the next higher age category. (Tr. 18).

Beginning on October 8, 2015, the date the Plaintiff's age category changed, considering the Plaintiff's age, education, work experience, and RFC, there are no jobs that exist in significant numbers in the national economy that the Plaintiff could perform (20 C.F.R. §§ 404.1560(c) and 404.1566. (Tr. 19, Finding 11). In further detail, beginning on the date Plaintiff's age category changed, considering her age, education, and work experience, a finding of disabled is reached by direct application of Medical-Vocational Rule 201.14. (Tr. 19). The Plaintiff was not disabled prior to October 8, 2015, but became disabled on that date and has continued to be disabled through the date of this decision. (20 C.F.R. § 404.1520(g)). (Tr. 19, Finding 12). Medical improvement is

4

expected with appropriate treatment, and consequently a continuing disability review is recommended in 18 months. (Tr. 20).

Thereafter, Plaintiff requested a review by the Appeals Council. (Tr. 32-33). On November 17, 2016, the Appeals Council denied this request. (Tr. 1-6). On January 19, 2017, Plaintiff filed the present appeal with this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 11, 2016. ECF No. 7. Both parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ripe for determination.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. § 404.1520 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the following issue: whether substantial evidence supports the ALJ's finding that Plaintiff's disability did not begin until the date of the administrative hearing held on October 8, 2015. ECF No. 11 at 1-11. The Court will consider this argument.

The Medical-Vocational Guidelines or grids, "are a set of charts listing certain vocational profiles that warrant a finding of disability or non-disability." *McCoy v. Astrue*, 648 F.3d 605, 613 (8th Cir. 2011) (citing 20 C.F.R. Part 404, Subpt. P, App. 2). The grids come into play at Step 5 of the analysis, where "the burden shifts to the Commissioner to show that the claimant has the physical residual capacity to perform a significant number of other jobs in the national economy that are consistent with her impairments and vocational factors such as age, education, and work experience." *Holley v. Massanari*, 253 F.3d 1088, 1093 (8th Cir. 2001). "If the ALJ's findings as to RFC, age, education, and work experience fit any of the combinations of those criteria contained in the Tables in Appendix 2 to Part 404, then the ALJ must reach the conclusion (either 'disabled' or 'not disabled') directed by the relevant Rule or line of the applicable Table." *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir.1993) (internal quotation marks and citation omitted). Under the Guidelines, three age categories are specified: a younger person (under age 50), a person closely approaching advanced age (ages 50–54), and a person of advanced age (age 55 or older). 20 C.F.R. § 404.1563(c)-(e).

Plaintiff argues that in finding her not disabled prior to October 8, 2015, the ALJ found a difference between her RFC prior to October 8, 2015 and after that date. ECF No. 11 at 9. Plaintiff contends her complaints of pain, and how it affects her ability to function are almost identical from

the alleged onset date of April 4, 2014 to the present, but the ALJ determined a difference existed with her RFC with no support provided for such a finding. *Id*. The Court, however, concurs with the ALJ's determination that Plaintiff was disabled on October 8, 2015 based on a change in age category, and not based on a change in RFC.

Plaintiff's date of birth is February 5, 1966, and at the alleged onset date of April 4, 2014 she was 48 years old, which is defined as a younger person. (Tr. 136). At the administrative hearing, Plaintiff was 49 years and 8 months old, which under the Guidelines is also classified as a younger person. (Tr. 35-57). Plaintiff's age of almost 50 years old at the time of the administrative hearing presented the ALJ with a borderline situation because of the nearing change in age category to a person closely approaching advanced age. In a borderline situation, the age categories will not be applied mechanically. 20 C.F.R. § 404.1563(b). "If [Plaintiff] is within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision [Plaintiff] is disabled, we will consider whether to use the older age category after evaluating the overall impact of all factors in the case." *Id*. In the present case, the ALJ provided the following explanation as to why he considered Plaintiff's case a borderline situation:

> The claimant's age category is a borderline situation and should not be applied mechanically in this case. The length of time between the established onset date and reaching the next age category is a period of less than 4 months. Vocational adversities supporting this conclusion include the claimant's lack of transferable skills, as well as sedentary exertional limitations combined with additional postural restrictions. These make it appropriate to consider the next higher age category for purposes of the Medical-Vocational Rules at Step 5 of the sequential evaluation process.

(Tr. 18).

The ALJ determined that beginning on the date Plaintiff's age category changed, October 8,

8

2015, and considering her age, education, and work experience, Plaintiff was disabled by direct application of Medical-Vocational Rule 201.14. (Tr. 19). Statutes or regulations do not define exactly what constitutes a borderline situation, but there is case law supporting a determination that a four-month time period along with at least one established vocational adversity constituted a borderline situation. *Phillips v. Astrue*, 671 F.3d 699, 703 (8th Cir. 2012) (a borderline situation existed when claimant was four months shy of turning 55 years old and had no past relevant work). The Court finds vocational adversities the ALJ included in his decision, such as VE testimony that Plaintiff did not acquire skills transferable to sedentary work, and her credible subjective complaints supported postural limitations, were evidenced by the record. (Tr. 17-18). Based on the foregoing, the Court finds there is substantial evidence to support the ALJ's determination that Plaintiff's disability began on October 8, 2015, the date of the administrative hearing.

Plaintiff also contends the ALJ erred in finding there were two jobs available she could have performed prior to October 8, 2015, cutter and paster and final assembler, because the VE testified no jobs were available if she was off task for a time in an 8-hour day due to pain, complications from a back impairment, and diabetes. ECF No. 11 at 10. However, the ALJ's RFC determination did not include any off task limitations. (Tr. 14). After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. *See Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence). The ALJ adopted the VE's

9

testimony and included the limitations supported by the record in his decision.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of March 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE